Board of Councilmen of City of Frankfort v. Deposit Bank of
Frankfort.

·

---

CASE 102—ACTION TO RECOVER TAXES—JUNE 19.

# Board of Councilmen of City of Frankfort v. Deposit Bank of Frankfort.

APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

APPEAL—AGREEMENT THAT CASE SHALL AWAIT THE DECISION OF
OTHER CASES—RECITAL OF AGREEMENT NULLIFIED BY EXCEPTION.

Held: Upon appeal from a judgment reciting that the parties agreed
to let the case await the decision of certain other cases pending
on appeal, an exception to the judgment must be regarded as
nullifying that recital, and, in the absence of a plea setting up

the agreement recited, the appellant is not bound by the decision
in the cases referred to, which was afterward overruled.

W. H. JULIAN, IRA JULIAN and J. H. CROCKETT for appellant.

FRANK CHINN for appellee.

(No brief in the record.)

Opinion of the court by CHIEF JUSTICE HAZELRIGG—Revers-
ing.

This action was brought in August, 1894, by the city of
Frankfort against the Deposit Bank for taxes alleged to be
due the plaintiff for the years 1892, 1893, and 1894. A de-
murrer was sustained to the petition so far as it sought
to enforce a collection of the taxes of 1892, and for penal-
ties and interest, and, the plaintiff declining to plead fur-
ther in respect to these items, the petition to such extent
was dismissed.    This was in September, 1894, and there
has been no appeal from that judgment.

The bank then filed its answer as to the years 1893 and
1894, relying solely on its alleged contract with the State
under the Hewitt law.  This answer was filed in Septem-
ber, 1894, and nothing further appears to have been done
in the case until on February 1, 1896, when a judgment
was rendered upholding the defense set up in the answer,
on the authority of the construction given the Hewitt law
by this court in the Bank Tax Case of June, 1895, (31 S. W.,
1013).   The city excepted to this judgment, and prayed an
appeal to this court.   It did not prosecute this appeal, but
sued out an appeal from this court on the 14th of January,
1898, and now asks a reversal of the judgment of February
1, 1896, on the authority of the Bank Tax Cases of March
24, 1897 (39 S. W., 1030).   It is due the trial court to note
that the judgment complained of was rendered in pursu-

ance of the majority opinion of this court of June, 1895,
sustaining the contract claimed by the bank under the
Hewitt law. This court in 1897 overruled the opinion of
1895, and it would seem to follow necessarily that the
judgment in this case should be reversed.

This would probably be conceded, except that it is re-
cited in the judgment complained of, in substance, that
the parties by their attorneys agreed to let the case await
the decision of the court of appeals in certain cases the
same bank and the county of Franklin had pending in this
court, and which involved the same defense; it being re-
cited that the liability of the bank in the city case should
abide the result of those two cases. But this recitation,
it seems to us, is not conclusive of such an agreement,
where there is an exception to the judgment. The ex-
ception must be taken to apply to every recitation in the
judgment when it is called in question directly upon ap-
peal. If the judgments were attacked collaterally, it
might be that such recitations would be taken as true. A
complaining party can do no more than except to a judg-
ment, and that he may do even if the court recites that he
consents thereto. While an exception is not necessary to
secure the benefit of an appeal, still the office of an ex-
ception in a case like this serves to nullify the effect of the
recitation that the complainant consented.

In the absence of a plea setting up an agreement, we
can not restrict the effect of the exception reserved by the
complainant to certain parts only of the judgment. Under
the authority of the tax decision of 1897, the answer of the
bank is not good, and the judgment denying the city the
right to collect the tax on the grounds set up in the an-
swer is erroneous. It is noticeable that the petition of

the city was not dismissed, still in that the judgment appealed was, in substance, a final order. Reversed for further proceedings not inconsistent with this opinion.