950 ·      KENTUCKY REPORTS.     [Vol. 111

Board of Council, City of Frankfort v. Deposit Bank of Frankfort.

CASE 109—ACTION TO RECOVER TAXES—NOV. 19.

# Board of Council City of Frankfort v. Deposit Bank of Frankfort.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

RES JUDICATA—JUDGMENT OF FEDERAL COURT ENJOINING COLLECTION OF TAXES.

Where a Federal court held that an unreversed judgment of a State court dismissing an action against a bank to recover taxes for the years 1893 and 1894 was a bar to the recovery of taxes against the same bank for certain subsequent years or any "other years," and enjoined the collection of taxes for such years, and thereafter the judgment of the State court as to taxes for the years 1893 and 1894 was reversed on appeal, the judgment of the Federal court was not a bar to the recovery of taxes for those years upon the return of that case to the lower court.

T. H. CROCKET, J. W. RODMAN, IRA JULIAN AND W. H. JULIAN, FOR APPELLANT.

FRANK CHINN AND D. W. LINDSEY, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

By this action the city of Frankfort seeks to recover taxes due for the years 1893 and 1894. It was filed in 1894, but no judgment was rendered until February, 1896, which sustained the appellee's defense that it had an irrevocable contract under the "Hewitt Law," which gave it immunity from municipal taxation; the court following the opinion of this court delivered in June, 1895. 31 S. W., 1013. Subsequently this court, 17 Ky. Law Rep., 245 (39 S. W., 1030), overruled its opinion, and under the latter

opinion the appellee was liable for the taxes in question. An appeal was prosecuted from the judgment of February, 1896, to this court, which was reversed. 22 Ky. Law Rep., 466, 1384 (57 S. W., 787), (60 S. W., 19). Under the opinion of this court and the response to the petition for rehearing, all questions are eliminated from the case except the question as to whether the right to recover the taxes for the years in question is barred by a judgment of the federal court in the proceeding wherein the appellee sought to and had enjoined in that court the collection of taxes due the city of Frankfort for the years 1895, 1896, 1897, and 1898. The federal court held that the appellee had no contract rights with the State which relieved it from the payment of taxes to the city of Frankfort for the years last mentioned, but that by reason of the unreversed judgment of the Franklin circuit court, to which we have referred, rendered in February, 1896, in this case, the appellant was barred from recovering the taxes for the years mentioned. That opinion was delivered before this court reversed the judgment. In the opinion reversing that judgment this court held that the defenses previously interposed were not good. The appellee thereupon filed an amended answer, in which it pleaded the judgment of the federal court as to the taxes for the years 1895, 1896, 1897, and 1898 as a bar to the appellant's right to recover for the years 1893 and 1894, which were sought to be recovered in this action. So we have this anomalous conditon: The supreme court of the United States holding in the case mentioned that the appellee had no contract rights which gave it immunity from taxation to the city of Frankfort, but that it was protected against the enforcement of the taxes for the years stated by reason of the unreversed judgment to which we have alluded. The same effect must be given

to the judgment of a federal court as an estoppel as if it
were the judgment of a State court. The judgment having
been reversed, the foundation upon which the federal
court's judgment was based has been swept away by the
opinion of this court. Had it been reversed previous to
the judgment of the federal court, then, of course, that
court would not have held the city was estopped by the
judgment from asserting its claim for the taxes for the
years there in controversy. It would certainly be against
reason and the doctrine of estoppel by judgment for this
court to now hold that the judgment of the federal court
is a bar to a recovery in this action. It is not necessary
for this court to hold, and it does not (the question not be-
ing before it), that the bank is responsible for the taxes
for the years involved in the federal court proceeding.
However, we do hold that the judgment of the federal
court is not a bar to a recovery of the taxes for the years
1893 and 1894. This court, in City of Newport v. Com.,
106 Ky., 434; 21 Ky. Law Rep., 42 (50 S. W., 845), (51 S. W.,
433), (45 L. R. A., 518), and Louisville Bridge Co. v. City of
Louisville, 22 Ky. Law Rep., 703 (58 S. W., 598), held that
an adjudication as to one year's taxes is not a bar to a re-
covery in the litigation as to any other year's taxes.

It is insisted by counsel for appellee that the federal
court not only held that the judgment of the Franklin
circuit court in this case was a bar to a recovery for
taxes for the years 1895, 1896, 1897, and 1898, but also a
bar to the right of the city to assert a claim for taxes for
other years, as the judgment of the circuit court sustain-
ed the claim of the appellee that it had an irrevocable
contract under the Hewitt law. This position might be
taken with some plausibility under recent rulings of the
supreme court of the United States if the judgment in

question had remained unreversed. It has not only been reversed, but this court and the supreme court of the United States held that the bank did not have an irrevocable contract under the Hewitt law. The rule of the supreme court with reference to the effect of such adjudications certainly could not apply to this case when the judgment which was the basis of its opinion is no longer in force. Should we sustain such a claim, we would, in effect, allow the judgment that has been reversed to be pleaded as a bar to the cause of action alleged in the petition, and held to be good in the opinion removing the judgment.

Counsel for appellee argues, that, as the then unreversed judgment of the Franklin circuit court in this case was held by the federal court to be a bar to the right to collect taxes for the years there in question, the judgment of the federal court is a bar to the right of the city to collect taxes for the years here in question, although the judgment held to be a bar has since been reversed by this court. A mere statement of the argument carries its refutation. The most that could be said as to the federal court's judgment is that it, though based upon an erroneous judgment subsequently reversed, is a bar to the recovery for the taxes for the years there in question. Certainly, the judgment of the Franklin circuit court could operate as a bar to the city's rights only so long as it remained in force. The judgment of the federal court could not and did not prevent this court from reversing it. When reversed, it is not available in this court or the federal court as a bar to the rights of the city to collect the taxes here claimed.

It follows that the judgment of the circuit court must be reversed for proceedings consistent with this opinion.

Judge O'Rear. DuRelle, and Burnam dissenting.