### Girkey et al. v. Girkey et al.

Jan. 14, 1944.

B. J. Bethurum for appellant.

Kennedy & Kennedy for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

L. H. Girkey died intestate owning nine tracts of land. He left several childrden, including the appellant, Rosa Girkey, and the appellee, Columbus Girkey. The land was sold under a judgment rendered in an action pursuant to Sec. 490 of the Civil Code of Practice. The Master Commissioner filed a report of sale showing that the appellant purchased tracts numbers one, three, four, six and eight for $6,295, that the appellee purchased tracts two, seven and nine and that tract number five was purchased by C. W. Daulton.

The appellee filed exceptions to the report of sale, claiming that it was erroneous in showing him to be the purchaser of tract number nine and the appellant to be the purchaser of tract number four; that, in fact, he purchased tract number four and the appellant purchased tract number nine. After hearing evidence the chancellor sustained the exceptions and set aside the sale as to tracts four and nine. Such action does not appear in the judgment to have been pursuant to agreement of parties. The judgment then ordered a re-sale of the two tracts and recites that "by agreement of parties the sale will be made on Monday, June 29, 1942 * * *" and further recites that the parties in open court waived newspaper advertising. The concluding sentence of the judgment is: "To all of which the plaintiff, Rosa Girkey, the purchaser excepts." This appeal is from the judgment sustaining the exceptions and setting aside the sale as to tracts four and nine.

It is insisted by the appellee that no appeal lies because the judgment was an agreed one from which there can be no appeal. On the other hand, the appellant contends that the exception reserved to the judgment serves to nullify the effect of the recitation that the judgment was agreed to, in accordance with the rule enunciated in City of Frankfort v. Deposit Bank, 108 Ky. 766, 57 S. W. 787. But, without determining the soundness of the latter contention, it is our opinion that the appeal lies because the judgment purports to show agreement only as to the date of sale and method of advertising and not as to the sustaining of the exceptions and setting aside the sale, the real matter in controversy. As to this the judgment shows that the chancellor acted on the opinion he arrived at from the evidence and not pursuant to agreement of the parties.

Tracts four and nine contain three acres and two acres, respectively. Tract number four is adjacent to tracts one, three, six and eight purchased by the appellant. Tract number nine is adjacent to tracts two and seven purchased by the appellee.

The appellee testified he purchased tract number four for $45 and that the appellant purchased tract number nine for $120; that he did not want tract number nine and did not intend or desire to bid on it. Three witnesses corroborated him in his statement that he bid on tract number four. Three other witnesses testified that it was their recollection that he bid on tract number four but that they did not pay much attention and would not be certain that this was true.

The appellant testified that she purchased tract number four for $120; that she did so because it was adjacent to, and part of, the other tracts purchased by her, constituting the home farm; that she bid only $40 on tract nine, because in her judgment that was all it was worth and that the appellee then bid $45 and became the purchaser thereof.

The Master Commissioner testified that he made a memorandum at the time of sale, showing the purchaser of each separate tract and the amount bid therefor and his memorandum showed that the appellant purchased tract number four for $120. His report of sale was made from the memorandum.

Two witnesses, who were joint owners of the land,

testified that they were vitally interested in the sale and had a copy of the notice of sale describing each tract and that they made a memorandum at the time of the purchaser of each tract and the amount of the purchase price. C. W. Daulton, the purchaser of tract number five, testified that he was much interested in the bidding and paid particular attention to see who bid in the various tracts and made a memorandum of sale at the time showing the purchasers of each tract. These three witnesses testified that their memoranda showed that the appellant purchased tract number four for $120 and that the appellee purchased tract number nine for $45 as shown by the Commissioner's report of sale.

It is our conclusion that this evidence did not justify the chancellor in sustaining the exceptions. The testimony of three of the witnesses for the appellee was valueless since they did not profess to have any definite recollection. Thus we have the testimony of the appellee and three witnesses, testifying purely from recollection, opposed to the testimony of the appellant, the Master Commissioner, and three other witnesses, all of whom, with the exception of the appellant, made memoranda at the time of sale. This latter testimony is entitled to be accorded far more weight than the testimony of witnesses testifying only from recollection. Further, the location of the two tracts tends strongly to corroborate the correctness of the Commissioner's report and the testimony for the appellant. It is most unlikely that the appellant would have purchased tract number nine, which did not adjoin other land purchased by her, and that the appellee would have purchased tract number four which did not adjoin the other land purchased by him.

The testimony of the witnesses and surrounding facts and conditions tend overwhelmingly to sustain the correctness of the Commissioner's report and we are constrained to hold that the chancellor was in error in sustaining the exceptions and setting aside the sale as to these tracts.

Judgment reversed with directions to enter a judgment in conformity with this opinion.